**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SUSAN BRONSON,

          **Plaintiff,**                  CIVIL ACTION NO. 2:15-cv-10111

    v.                                  DISTRICT JUDGE DENISE PAGE HOOD

HENRY FORD HEALTH SYSTEM,     MAGISTRATE JUDGE MONA K. MAJZOUB
a Michigan corporation operating under
the assumed name HENRY FORD
HOSPITAL WEST BLOOMFIELD,

          **Defendant.**

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO QUASH [31] AND
DENYING PLAINTIFF'S COUNTER MOTION TO QUASH AND/OR FOR A
PROTECTIVE ORDER [36]**

      This matter comes before the Court on Defendant Henry Ford Health System's Motion to Quash (docket no. 31) and Plaintiff Susan Bronson's Motion to Quash and/or for a Protective Order (docket no. 36).[1] The motions have been referred to the undersigned for consideration. (Docket no. 34.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    Background**

---

[1] Plaintiff's Motion to Quash is titled a "Counter Motion to Quash" but seeks independent relief. Additionally, while Plaintiff's Motion was inappropriately filed as part of her Response to Defendant's Motion, the Court has considered her substantive argument.

Plaintiff has filed suit alleging age and race discrimination. Plaintiff is a forty-two-year-old Indian American female, employed as a nurse by Defendant. (Docket no. 1 at 2.) Plaintiff alleges that she was denied a promotion to Clinical Coordinator after an interview with Lois Eagal in May 2013. (*Id.* at 3.) At the time of Plaintiff's interview and ultimate rejection, Ms. Zobeida Orozco was a Clinical Coordinator hired by Lois Eagal. (Docket no. 36 at 5.) Ms. Orozco was under thirty years old, white skinned, and less experienced than Plaintiff. (*Id.* at 6.) The Clinical Coordinator position for which Plaintiff had interviewed was later filled by an approximately thirty-year-old white nurse with less education and nursing experience than Plaintiff. (Docket no. 1 at 3.)

On November 16, 2015, Defendant served seven subpoenas on various educational institutions that Plaintiff attended. (Docket no. 36 at 10.) These institutions were not disclosed on Plaintiff's employment application with Defendant. (Docket no. 40 at 6.) The subpoenas seek information about academic records for Plaintiff, any claims or charges brought by Plaintiff, or any discipline against Plaintiff. (Docket no. 40 at 6.) On November 18, 2015, Plaintiff served three subpoenas seeking educational and employment information regarding Ms. Orozco, Plaintiff's former supervisor. (Docket no. 31 at 1-2.)

Defendant filed a Motion to Quash, arguing that the information sought by Plaintiff is not relevant and is, therefore, outside the scope of discovery. (Docket no. 31 at 2.) Plaintiff then filed her Counter Motion to Quash and/or for a Protective Order, alleging that Defendant's subpoenas were only intended to harass Plaintiff and should be quashed. (Docket no. 36 at 12.) Plaintiff further asserts that because both parties are seeking to quash subpoenas requesting similar information, if the Court quashes Plaintiff's subpoenas, the Court must also quash Defendant's

subpoenas or, in the alternative, issue a protective order to prohibit Defendant from using documents obtained through its subpoenas. (*Id*. at 14.)

## II. Discovery Standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Federal Rule of Civil Procedure 45 governs subpoenas and provides that the court must, upon motion, quash or modify a subpoena if it fails to allow a reasonable time to comply, requires a non-party to travel more than 100 miles, requires disclosure or privileged or protected material, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Federal Rule of Civil Procedure Rule 26(b) defines the scope of discovery for a subpoena issued pursuant to Rule 45. *Systems Products and Solutions, Inc. v. Scramlin*, No. 13-CV-14947, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014) (Goldsmith, J.) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970)). A protective order may be issued to protect a party against "annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c)(1).

## III. Defendant's Motion to Quash

Defendant asks the Court to quash Plaintiff's subpoenas because the subpoenas seek information that is irrelevant. Plaintiff's subpoenas seek Ms. Orozco's educational records at

Grand Canyon University and employment records from Beaumont Hospital Farmington Hills and Children's Hospital of Michigan. (Docket no. 31 at 2.)

To succeed in a discrimination case, Plaintiff must first establish a *prima facie* case of discrimination. To establish a *prima facie* case of racial discrimination, Plaintiff must prove that she (1) is a member of a protected class; (2) suffered an adverse employment action; (3) was qualified for the position; and (4) was treated differently than a similarly-situated, non-protected employee. *See Carter v. University of Toledo*, 349 F.3d 269, 273 (6th Cir. 2003). To establish a *prima facie* case of age discrimination, Plaintiff must prove the first three elements of a racial discrimination claim and also show "circumstances that support an inference of discrimination." *Blizzard v. Marion Technical Coll.*, 698 F.3d 275, 284 (6th Cir. 2012) (citation omitted).

Plaintiff contends the information sought by the subpoenas is relevant to show an inference of discrimination by comparing Ms. Orozco's qualifications when she was hired as Clinical Coordinator to Plaintiff's qualifications when denied the Clinical Coordinator position. (Docket no. 36 at 7.) But Defendant states in their Reply brief that Defendant did not possess Ms. Orozco's educational or employment records (docket no. 38 at 3), and Plaintiff acknowledges in her Motion to Quash that Defendant never possessed Plaintiff's educational records (docket no. 36 at 12). Defendant could not have based its decision to hire Ms. Orozco or its decision not to promote Plaintiff on information it did not possess. Thus, any similarities or dissimilarities in the detailed educational or employment records of Ms. Orozco and Plaintiff are irrelevant in establishing a *prima facie* case for discrimination. More importantly, the detailed records of Ms. Orozco's education and employment are unnecessary because Plaintiff already has Ms. Orozco's resume, which contains her educational and employment history. (Docket no. 36 at ex. 4.) While Ms. Orozco's education and employment history may be relevant, Plaintiff has provided no

rationale for a review of records that Defendant did not possess and on which Defendant did not base any of its decisions.

Further, Plaintiff failed to provide adequate notice of the three subpoenas to Defendant. Notice of the subpoenas must have been served on Defendant before the issuance of the subpoenas. Fed. R. Civ. P. 45(a)(4). Plaintiff served notice to Defendant the same day she served the subpoenas on the entities. (Docket no. 31 at 4.) While Plaintiff argues that Defendant still had time to notify each entity that Defendant would be filing a Motion to Quash (docket no. 36 at 2-3), Plaintiff is still in violation of Rule 45(a)(4). Thus, for substantive and procedural reasons, the Court will grant Defendant's Motion to Quash.

## IV.     Plaintiff's Counter Motion to Quash

Plaintiff asks the Court to quash the seven subpoenas issued by Defendant to educational institutions attended by Plaintiff because the subpoenas are not relevant and are intended to harass. (Docket no. 36 at 12.) The Court does not find this argument persuasive. A party may discover any nonprivileged information that is relevant to that party's defense. Fed. R. Civ. P. 26(b)(1). Here, Defendant is seeking nonprivileged information that it claims it will use toward a potential after-acquired-evidence defense regarding Plaintiff's failure to disclose all educational institutions she attended. (Docket no. 40 at 6.) To qualify under this defense, the requested information must be of such weight "that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362-63 (1995). Plaintiff's educational records are relevant to the defense because the records could show that Plaintiff would not have been hired had Plaintiff provided her full educational history to Defendant.

Additionally, Defendant's subpoenas are not intended to harass Plaintiff. "Harassment is typically found where a party requests information that is only remotely connected to the case … or a party has sent subpoenas for an improper purpose." *Systems Products and Solutions, Inc. v. Scramlin*, 2014 WL 3894385, at *9 (E.D.Mich. Aug. 8, 2014). Here, Defendant is requesting information that is connected to the case and for a proper purpose because Plaintiff's educational history is central to Defendant's after-acquired-evidence defense.

Plaintiff asserts that if the Court quashes Plaintiff's subpoenas, it should also quash Defendant's subpoenas. (Docket no. 36 at 14.)  But Plaintiff has failed to provide a legal basis for her argument. Merely stating that the Court must either allow both parties' subpoenas or quash both parties' subpoenas because similar information is being sought is not persuasive.

Plaintiff also asks the Court to issue a Protective Order to not allow Defendant to use documents gained through its subpoenas. Here, there are no circumstances present to warrant a Rule 26(c) protective order. The subpoenas are relevant to Defendant's potential defense and do not harass Plaintiff. The Court will not issue a protective order for Plaintiff.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Counter Motion to Quash and/or for a Protective Order is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 9, 2016            s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.


Dated: June 9, 2016        s/ Lisa C. Bartlett
                           Case Manager