UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN BRONSON,

      Plaintiff,

                                   Civil Action No. 15-10111

v.

                                   HONORABLE DENISE PAGE HOOD

HENRY FORD HEALTH SYSTEM,

      Defendant.

_____/

ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
MOOTING MOTION TO COMPEL,
and
SETTING DATES

## I.    BACKGROUND

On January 12, 2015, Plaintiff Susan Bronson ("Bronson") filed the instant suit against Defendant Henry Ford Health System ("HFHS") alleging: Race Discrimination, 42 U.S.C. § 2000e *et seq.* (Count I); Age Discrimination, 42 U.S.C. § 2000e *et seq.* (Count II); Retaliation, 42 U.S.C. § 2000e *et seq.* (Count III); and, Hostile Work Environment-Retaliation (Count IV).

Bronson is a 42-year old Indian American female and has worked for HFHS for approximately 4 years. She was initially hired at the Detroit location and worked as a staff nurse. In May 2013, Bronson interviewed for a Clinical Coordinator

position with Lois Eagle, but was not selected for the position.  Bronson thereafter accepted a staff nurse position at the West Bloomfield facility.  In September 2013, a White nurse who was approximately 30 years old, with less nursing experience and education, was given the Clinical Coordinator position.  Bronson displayed outstanding patient care to a patient in the fall of 2013, where the patient's family noted Bronson's great work to her supervisors.  Bronson received a card and verbal recognition from her supervisors for her work, but Bronson's work was credited to another White nurse who received the quarterly commendation of the "Daisy Award." Bronson witnessed her accomplishment credited to another White nurse during a ceremony awarding the Daisy Award.

In November 2013, Bronson applied for another Clinical Coordinator position and for an Assistant Manager position.  Bronson was not interviewed for either position.  The Clinical Coordinator position was given to a White nurse.  The Assistant Manager position listing was removed.  Bronson asserts she was belittled, demeaned and treated with hostility by management after making complaints of management's discrimination towards non-White employees in general, but more particularly, herself.  Bronson filed a complaint of retaliation, age and race discrimination with the Equal Employment Opportunity Commission/Michigan Department of Civil Rights on February 20, 2014.  Bronson claims she suffered

2

increased hostile treatment after filing the EEOC complaint.

Bronson was given more patients to care for than other nurses. On December 12, 2014, Bronson, as an on duty charge nurse, was given 12 rooms to cover during her shift, which she claims is an unheard of amount of rooms and is not ideal or safe for patient care. The normal number of rooms assigned to a staff nurse is 5 and for a charge nurse is 2.

This matter is now before the Court on HFHS's Motion for Summary Judgment. Response and reply briefs have been filed and a hearing held on the matter. HFHS also filed a Motion to Compel. Response and reply briefs have been filed as to the Motion to Compel.

## II.    ANALYSIS

### A.    Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict

3

for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B.      Race Discrimination Claim in Count I

HFHS moves to dismiss Bronson's race discrimination claim in Count I because she cannot establish a *prima facie* case of race discrimination. HFHS asserts that Bronson's allegation that she was denied promotions to Clinical Coordinator and Assistant Clinical Manager positions because of her race have no evidentiary support.

Title VII's anti-discrimination provision is subject to the tripartite burden-

shifting framework first announced by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972). *White v. Baxter Healthcare Corp.,* 533 F.3d 381, 391 (2008); *Lautermilch v. Findlay,* 314 F.3d 271, 275 (6th Cir. 2003). A plaintiff must establish a *prima facie* case and create a presumption of discrimination by showing by a preponderance of the evidence: 1) that she belongs to a protected class; 2) that she was subjected to an adverse employment action; 3) that she was qualified for the job; and 4) that she was treated differently from similarly situated employees from a non–protected class. *McDonnell Douglas*, 411 U.S. at 802; *Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1246 (6th Cir. 1995); and *Wilcoxon v. Minnesota Mining & Mfg. Co.*, 235 Mich. App. 347, 361 (1999). Alternatively, a plaintiff could establish a *prima facie* case by presenting credible, direct evidence of discriminatory intent. *Terbovitz v. Fiscal Court of Adair County*, 825 F.2d 111 (6th Cir. 1987). If a plaintiff proves a *prima facie* case, the burden of persuasion shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment decision. *McDonnell Douglas*, 411 U.S. at 802. Once the employer carries this burden, the burden then shifts back to plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by the employer were not its true reasons, but were a pretext for discrimination. *Id.*; *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 548 (6th Cir. 1991). The plaintiff may meet this burden

5

by showing:  1) that the stated reasons had no basis in fact; 2) that the stated reasons were not the actual reasons; or 3) that the stated reasons were insufficient to explain the employer's action.  *Wheeler v. McKinley Enters.*, 937 F.2d 1158, 1162 (6th Cir. 1991).  The burden of persuasion always remains, however, with the plaintiff.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

HFHS' motion for summary judgment does not argue the *prima facie* portion of the *McDonnell Douglas* analysis, but instead argues that it had a legitimate reason for not selecting Bronson for the positions.  As to Bronson's May 2013 failure to promote claim, HFHS asserts that Bronson did not apply for the position in May 2013.  HFHS submitted the declaration of Kari Schmalzel, an e-HR Specialist for HFHS.  (Doc. No. 42-9, Ex. 9) Schmalzel indicates that all applications for open positions at HFHS must be submitted electronically through HFHS' applicant tracking system known as iCIMS.  (Doc. No. 42-9, Ex. 9, Pg ID 654-55)  Schmalzel asserts that a Clinical Coordinator position was filled by Erika Judd in March 2013. (Doc. No. 42-9, Ex. 9, Pg ID 655) The iCIMS database does not show that Bronson applied for any position in May 2013 as alleged in her Complaint.  Nor does the database show that Bronson applied for the Clinical Coordinator position filled by Margaret Anderson in August 2013.  (*Id.*)

Based on the evidence submitted by the parties, there remains no genuine issue

of material fact that Bronson did not apply for any Clinical Coordinator position in May 2013, nor for the position filled in August 2013. Bronson is unable to establish a failure to promote claim as to the Clinical Coordinator position she alleges she applied for in May 2013 since no such evidence shows Bronson applied for that position at that time. Bronson did not submit any documentation to support an application for a May or August 2013 position.

However, the deposition of Lois Eagal shows that both Judd and Bronson applied for a Clinical Coordinator position, but does not indicate the date of the applications. Eagal hired Judd instead of Bronson. (Doc. No. 42-8, Ex. 8, Pg ID 647) The evidence submitted by HFHS indicates that Judd was hired in *March 2013* as a Clinical Coordinator. There is no allegation in the Complaint that Bronson was not promoted to the Clinical Coordinator which was filled by Judd in March 2013. The Court cannot consider any failure to promote claim as to the position filled in March 2013. The failure to promote claims related to the May and August 2013 positions are dismissed since there is no evidence Bronson applied for those positions.

As to Bronson's claim that she applied for a Clinical Coordinator position in November 2013 which she did not receive, but was instead filled by Christina Charles, who is White, HFHS argues this claim must be dismissed. HFHS submitted the depositions of Beatrice Paige, a business partner in HFHS' Human Resources

Department, and Zobeida Orozco, R.N., a Nurse Manager. (Doc. No. 42-6, Ex. 6, Pg ID 623; Doc. No. 42-5, Ex. 5, Pg ID 604) HFHS claims that Bronson was not selected because "she didn't accept criticism well, that she didn't take ownership and that she didn't have some leadership qualities," and did not participate in unit activities. (Doc. No. 42-6, Ex. 6, Pg ID 630-632; Doc. No. 42-5, Ex. 5, Pg ID 615) Charles was selected because the feedback from her peers indicated Charles was a good leader. (Doc. No. 42-5, Ex. 5, Pg ID 619) HFHS, however, admits that Charles did not meet the minimum requirements for the position. (Doc. No. 41, Pg ID 533)

In response, Bronson claims these reasons are mere pretext. She notes that in 2012, her former supervisor, Andrea Johnson, indicated in a performance review that Bronson was a team player, volunteers for overtime if staffing is short, and promotes positive team spirit. (Doc. No. 42-27, Ex. 27, Pg ID 749) Johnson rated Bronson at "4.0 - Exceeds Expectations." *Id.* Another supervisor, Jacqueline Gill in 2013, rated Bronson at "4.0 - Exceeds Expectations," noting Bronson was sincere, courteous and friendly. (Doc. No. 42-28, Pg ID 755) Darlene Hickey commented that Bronson always displays a positive attitude and is open to constructive criticism and voluntarily incorporates suggestions for improvement. (Doc. No. 42-28, Pg ID 755) Hickey further commented that Bronson was well liked by her coworkers, shows her appreciation for her coworkers and helps her peers before being asked when she sees

8

situations that require additional help.  (Doc. No. 42-28, Pg ID 760)

Based on the evidence submitted by the parties, Bronson has raised genuine issues of material fact that as to the November 2013 Clinical Coordinator position, HFHS' reasons for failing to consider or promote Bronson were based on her race. Bronson rebutted HFHS' reason that she was not a team player nor a good leader by submitting the various employee evaluations indicating that Bronson was well liked by her coworkers and was a team player.  HFHS argues in its reply that prior employee evaluations are not relevant and should not be considered by the Court to determine pretext.  HFHS does not cite any rule or case law to support this argument.

In addition to the evaluations noted by Bronson, HFHS admits that Charles, the individual selected for the November 2013 Clinical Coordinator position, did not have the necessary experience required for the position.  HFHS claims that Charles' resume was forwarded improperly and that the employee who did this was disciplined.  Even so, it appears that those in the decision making position reviewed Charles' resume and overlooked any deficiency in Charles' experience in selecting Charles for the position.  HFHS' admission that Charles' lacked experience for the position also creates a genuine issue of material fact that the reason for selecting Charles, and not Bronson, was mere pretext.  Bronson has submitted sufficient evidence to create a genuine issue of material fact that HFHS' reasons for not

9

selecting Bronson were mere pretext.  The race discrimination claim as to the November 2013 Clinical Coordinator position remains.

Bronson asserts a "pattern and practice" argument in her response, citing to evidence and depositions from other lawsuits.  The Sixth Circuit has held that "the pattern-or-practice method of proving discrimination is not available to individual plaintiffs" because it does not address individual hiring decisions.  *Bacon v. Honda of America Manufacturing, Inc.,* 370 F.3d 565, 575 (6th Cir. 2004).  The Court will not consider evidence in other lawsuits or arguments that HFHS has a "pattern or practice" of discriminating individuals based on race.

### C.    Age Discrimination Claim in Count II

HFHS argues that Bronson cannot bring an age discrimination under Title VII because Title VII does not allow such a claim.  *See, Clark v. City of Dublin, Ohio*, 2006 WL 1133577 at *2 (6th Cir. Apr. 27. 2004) (The language of the statute, 42 U.S.C. § 2000e, does not include age or disability claims.); *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 466 n. 4 (1982).  The appropriate remedy for age discrimination claim comes from the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*  Bronson did not respond to this argument even though she presented arguments as to the substance of her age discrimination claim.

The Court dismisses Bronson's age discrimination claim under Title VII.  It is

noted that based on the above analysis, only the November 2013 Clinical Coordinator position is at issue, which was filled by Charles.  It is unclear from the briefs as to how old Charles is compared to Bronson.  (The parties' briefs do not indicate Charles' age; it may appear in the exhibits but is not appropriately identified.)

### D.   Retaliation Claim in Count III

HFHS seeks to dismiss Bronson's retaliation claim asserting Bronson fails to meet the elements for retaliation under Title VII, specifically, the adverse employment action element.  Bronson asserts she meets the elements.

The elements of a *prima facie* case of under a Title VII retaliation claim are the same: 1) that plaintiff engaged in an activity protected by Title VII; 2) that the defendant knew of this exercise of plaintiff's protected rights; 3) that defendant consequently took an employment action adverse to plaintiff; and 4) that there is a causal connection between the protected activity and the adverse employment action. *Balmer v. HCA, Inc.,* 423 F.3d 606, 613-14 (6th Cir. 2005); *Abbott v. Crown Motor Co., Inc.,* 348 F.3d 537, 542 (6th Cir. 2003).   The term "adverse action" has traditionally been referred to actions such as discharge, demotions, refusal to hire, nonrenewal of contracts, and failure to promote. *Handy-Clay v. City of Memphis,* 695 F.3d 531, 545 (6th Cir. 2012).   Examples of adverse employment action include firing, failure to promote, reassignment with significantly lower responsibilities,

11

material loss of benefits, suspension, and other indices unique to a particular situation. *Smith v. City of Salem,* 378 F.3d 566, 575-76 (6th Cir. 2004).

Bronson filed her EEOC charge on February 20, 2014. She alleges that after filing the charge she suffered various employment actions including hostile treatment, failure to become a "Safety Champion," assignment of more extra work, giving her evaluations which did not reflect her work performance, failure to assign her leadership roles in her unit, undue criticism of her work, that her work was closely monitored and that her EEOC claim was also closely monitored. These actions do not constitute adverse action. As admitted by Bronson, she eventually received the Safety Champion position. Other than asserting she was not considered for the Clinical Coordinator position, Bronson did not submit any evidence that she applied for the position and was not promoted *after* she filed her EEOC charge in February 2014. Bronson fails to sufficiently raise any genuine issue of material fact that HFHS took any adverse action after she filed her EEOC charge in February 2014. Bronson's retaliation claim under Title VII must be dismissed.

### E.   Hostile Work Environment in Count IV

HFHS argues Bronson's hostile work environment claim must be dismissed since she cannot meet the elements of the claim. Bronson responds that the hostile work environment claim remains.

A hostile work environment occurs when the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993). The totality of the circumstances must be considered to determine, objectively, the alleged harassment is sufficiently severe or pervasive to constitute a hostile work environment. *See Williams v. General Motors Corp.,* 187 F.3d 553, 562 (1999). The issue is not whether each incident of harassment standing alone is sufficient to sustain the cause of action in a hostile environment case, but whether, taken together, the reported incidents make out such a case. *Id.* at 563. An adverse employment action must typically constitute a materially adverse change in the terms of employment. *Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876, 885-86 (6th Cir. 1996). Examples of adverse actions include termination of employment, demotions, reductions in salary or job responsibilities, offers of early retirement or continued employment on terms less favorable than the employee's former status, and harassment by the employer calculated to encourage the employee's resignation. *Kocsis,* 97 F.3d at 886; *Logan v. Denny's Inc.,* 259 F.3d 558, 569 (6th Cir. 2001). A verbal reprimand does not constitute an adverse action. *Weigold v. ABC Appliance, Co.,* 105 F. App'x 702, 708 (6th Cir. 2004). Subjective  beliefs about mistreatment in employment are

insufficient to survive summary judgment. *See Giles v. Norman Noble, Inc.,* 88 F. App'x 890, 894 (6th Cir. 2004); *Mitchell v. Toledo Hospital,* 964 F.3d 577, 585 (6th Cir. 1992).

Bronson makes the same arguments as to the hostile work environment claim as in her retaliation claim. Bronson wrote a letter that the harassment of her increased at an uncomfortable rate. (Doc. No. 46-3, Ex. 12, Pg ID 1102) This is insufficient to establish harassment since she does not detail the harassing acts which are intimidating, hostile and offensive. Bronson's hostile work environment claim must be dismissed.

## III.   MOTION TO COMPEL BY DEFENDANT

HFHS filed the Motion to Compel on January 15, 2016 seeking responses to certain discovery requests served on Bronson. HFHS claims Bronson has not responded to the following: 1) November 12, 2015 Second Request for Production of Documents; 2) November 19, 2015 Second Set of Interrogatories; 3) November 19, 2015 Third Request for Production of Documents; 4) November 23, 2015 Third Set of Interrogatories; 5) November 23, 2015 Fourth Request for Production of Documents; and, 6) November 23, 2015 Fourth Set of Interrogatories. HFHS claims Bronson did not seek to extend the deadline for her responses to these discovery requests. HFHS seeks an order compelling the responses and for attorney fees.

Bronson's counsel responds that he told defense counsel on January 13, 2016 that court intervention was not necessary because responses to the requests were to be served.   Bronson's counsel attached emails to the defense showing that the responses were served on the defense on January 29, 2016.  (Doc. No. 47, Pg ID 1138)  HFHS replies that the responses are inadequate because the vast majority of the responses are evasive and/or incomplete.

It appears that the 6 sets of discovery requests relate to Bronson's current financial situation and her employment status and more specific responses to certain incidents.  Because Bronson did submit responses to all 6 discovery requests, the motion to compel is moot since the initial request was to compel an order to respond. HFHS' argument in its reply that the responses are inadequate is a different argument than HFHS raised in its initial motion seeking responses to the discovery requests. Counsel should first confer with each other to determine the adequacy of the responses, in light of the Court's opinion.

## IV.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Summary Judgment **(#41, 1/4/16)** is GRANTED IN PART and DENIED IN PART.  The only remaining claim in Count I ( Race Discrimination, 42 U.S.C. § 2000e *et seq.*) is the race discrimination

15

claim as to the November 2013 Clinical Coordinator position. All other race discrimination claims in Count I are DISMISSED.

IT IS FURTHER ORDERED that the following counts are DISMISSED: Age Discrimination, 42 U.S.C. § 2000e *et seq.* (Count II), Retaliation, 42 U.S.C. § 2000e *et seq.* (Count III); and, Hostile Work Environment-Retaliation (Count IV).

IT IS FURTHER ORDERED that Defendant's Motion to Compel and for Relief **(#43, 1/15/16)** is DENIED as MOOT since Plaintiff filed responses to the discovery requests.

IT IS FURTHER ORDERED that the **Final Pretrial Conference is set for Monday, October 17, 2016, 2:00 p.m.** All parties with authority to settle must appear. The proposed Joint Final Pretrial Order must be submitted for the Court's review by October 11, 2016. **The trial date is set for Tuesday, November 15, 2016, 9:00 a.m.**

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: September 8, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 8, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

16